HAMILTON WATCH COMPANY, *a corporation as Assignee of DeVal Corporation*

*v.*

ATLAS CONTAINER, INC., *a corporation*

(No. 12952)

Submitted April 25, 1972.        Decided August 1, 1972.

*Steptoe & Johnson, Oscar J. Andre, George W. McQuain, Kingsley R. Smith,* for appellant.

*George Shedan, John R. Morris, Frederick D. Sarkis, Morton S. Jaffee,* for appellee.

CAPLAN, JUDGE:

This is an appeal from a final judgment of the Circuit Court of Wood County entered in an action which actually involves three separate civil actions. Hamilton Watch Company, a corporation, and Atlas Container, Inc., a corporation, are the parties to such actions, all of which arise out of contentions relating to hereinafter described identical subcontracts. The circuit court entered a default judgment in favor of Atlas and Hamilton prosecutes this appeal.

Prior to and during the year 1966 Hamilton entered into a number of contracts with the United States government for the manufacture of a large number of fuses for artillery shells. These fuses were highly complicated and had to be manufactured under rigid and precise standards. Under a subcontract between Hamilton

and Atlas the latter was to manufacture certain parts of these fuses and deliver them to Hamilton. Atlas in turn subcontracted the manufacture of certain parts to Craftneeds, Inc.

Alleging that Atlas failed to deliver sufficient parts and that the parts that were delivered were completely unsatisfactory and so substandard that they had to be rejected, Hamilton terminated its subcontract with Atlas. Subsequently, on March 20, 1967, Hamilton instituted a civil action against Atlas in the United States District Court for the Northern District of West Virginia seeking damages in the amount of $825,500.00. This is the amount Hamilton claims as damage by reason of Atlas' substandard work. That action is still pending in said district court.

Subsequently, on December 26, 1968, the second action between these parties was instituted in the same federal court by Atlas against Hamilton, the former claiming damages under the same subcontract in the amount of $1,950,000.00. In that action Atlas claimed that Hamilton had breached such contract.

The third action between these parties, and the one on appeal in this Court, is an action instituted on January 3, 1969 in the Circuit Court of Wood County by Hamilton as the assignee of DeVal Corporation against Atlas seeking recovery upon an account in the amount of $9,625.33 which Atlas is alleged to have owed DeVal.

On January 22, 1969 Atlas dismissed the action it had instituted in the federal district court and filed an answer and three counterclaims in the action instituted in the Circuit Court of Wood County. The counterclaims consisted of the same claims as those contained in its federal court case and amounted to something over one million dollars. Atlas then moved for discovery and production of certain documents by Hamilton, many of which were supplied, and a great number of which were being prepared for delivery.

The circuit court on February 10, 1969, upon the motion of Hamilton and by agreement of Atlas, ordered that the time within which the plaintiff may answer or otherwise plead to the counterclaims be extended to March 1, 1969. On March 3, 1969 Hamilton filed a motion for a stay of further proceedings pending the final resolution of its claims against Atlas in the case pending in the United States District Court. This motion was never ruled on by the court.

Atlas complains on this appeal that the motion to stay was not timely filed. It is revealed by the record that the court extended the time to answer or otherwise plead to March 1, 1969 and that the motion to stay was not filed until March 3, 1969. However, no objection was made in the proceedings below when the motion to stay was filed. Furthermore, in its brief filed in support of its motion for a default judgment, which was made a part of the record, Atlas acknowledged that it was agreed between counsel that "Hamilton might have an additional two or three days." There were other indications in the record that an extension of time past March 1, 1969 was obtained by agreement of counsel. The matter of the alleged untimely filing of the motion to stay, not having been raised in the court below, will not be considered upon this appeal. *Boury v. Hamm,* 156 W.Va. 44, 190 S.E.2d 13.

By reason of Hamilton's failure to file a timely answer, Atlas, on April 1, 1969, filed its motion for a default judgment and gave Hamilton notice thereof. After oral argument and submission of briefs on the motion for default judgment, the circuit court granted said motion and entered a default judgment in favor of Atlas. Subsequently, Hamilton moved to set aside the default judgment, contending that reason therefor existed under the provisions of R.C.P., Rule 60(b). After further hearings and argument its motion was sustained in part and denied in part. This appeal resulted from that ruling.

In essence, the trial court, granting Atlas a default judgment, found that Hamilton elected not to answer but made a deliberate and informed choice to move for a stay. Furthermore, the court ruled that there were insufficient grounds under R.C.P. Rule 60 (b) to warrant setting aside the default judgment.

The basic issue to be resolved on this appeal is whether or not the court erred in its ruling. Of pertinent consideration is the significance of Hamilton's motion for a stay and whether or not it could be considered as a substantial compliance with the court's extension of time to "answer or otherwise plead" to the counterclaims.

A default judgment obtained in accordance with the requirements of the rules of civil procedure is a valid and enforceable judgment and will not be set aside unless good cause therefor is shown as prescribed in R.C.P., Rule 60 (b). *Intercity Realty Company v. Gibson,* 154 W.Va. 369, 175 S.E.2d 452. Necessarily implicit in the above statement is the conclusion that such judgment will be set aside if good cause therefor is shown under R.C.P., Rule 60 (b). Whether such cause is shown is addressed to the sound discretion of the court. *Kelly v. Belcher,* 155 W.Va. 757, 187 S.E.2d 617. Unless that discretion is abused, the court's ruling will be upheld. *Smith v. Kincaid,* 249 F.2d 243; *Provident Security Life Insurance Co. v. Gorsuch,* 323 F.2d 839.

It is the prerogative of an appellate court to review the record of a case and to determine therefrom whether or not the trial court abused its discretion in upholding or vacating a default judgment. In making such determination each case must be considered on its own facts and circumstances. *Plumley v. May,* 140 W.Va. 889, 87 S.E.2d 282. See *Evans v. Farmer,* 148 W.Va. 142, 133 S.E.2d 710; *Pruitt v. Fetty,* 148 W.Va. 275, 134 S.E.2d 713. It is then incumbent upon this Court to look to R.C.P., Rule 60 (b) and to decide if, under the provisions thereof, good cause exists to reverse the ruling of the trial court in its refusal to set aside the default judgment.

Where pertinent to this case, Rule 60(b) reads as follows: "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) Mistake, inadvertence, surprise, excusable neglect, or unavoidable cause; * * * or (6) any other reason justifying relief from the operation of the judgment." It now becomes essential to determine whether the relief provided under Rule 60(b) is warranted by the facts of the instant case. Was the filing by Hamilton of a motion to stay the proceedings sufficient, in the circumstances of this case and in view of Rule 60(b), to excuse its failure to answer Atlas' counterclaims? If this question is answered in the affirmative the default judgment should be set aside; a negative answer requires an affirmance of the judgment below.

Of paramount importance to the solution of the issues presented in this case is the February 10, 1969 order of the trial court whereby it extended the time within which "the plaintiff may *answer or otherwise plead* to the counterclaims of the defendant." (Emphasis supplied.) Hamilton did not thereafter file a timely answer but it did file a motion for a stay of further proceedings. It takes the position that by filing a motion to stay it did "otherwise plead", thereby complying with the court's order and that it should be relieved of the default judgment entered against it.

In its motion to stay the plaintiff, Hamilton, sets out the multiple actions instituted in the various courts; alleges, and it is undenied, that all of these actions are between these parties, Hamilton and Atlas, and involve the identical subject matter; and asserts that when the action pending in the federal court is completed no issue will remain to be resolved in the instant action in the Circuit Court of Wood County. Therefore, it pleaded that further proceedings in this civil action be stayed until the final resolution of the claims of Hamilton Watch Company against Atlas Container, Inc., now pending in

the United States District Court for the Northern District of West Virginia.

Atlas, citing and relying upon *Intercity Realty Company v. Gibson*, 154 W.Va. 369, 175 S.E.2d 452, contends that Hamilton's failure to answer justifies the action of the court below in the exercise of its discretion to enter a default judgment. We subscribe to the holding of the Court in the *Intercity* case but find it clearly distinguishable from the one at bar. In that case there was a total omission to act; no answer or no pleading of any kind was filed; the rules were completely ignored. In the instant case counsel for the plaintiff did not ignore the court's order or such rules. He filed what he considered to be a pleading in an effort to comply with the court's order to answer or otherwise plead.

While a motion for a stay is not a defensive pleading as contemplated by Rules 8 and 12 it is nonetheless, under Rule 7, a pleading. As required by the latter rule Hamilton made an application to the court for an order and it was made by motion in writing. It set forth the relief sought, that is, a stay of the proceedings, and detailed with particularity the grounds therefor. While it may not have been most prudent on the part of counsel for Hamilton to have neglected to answer at that point in the proceedings, the circumstances reveal, even if he was mistaken in his judgment, reasonable grounds to have believed that the court would stay the proceedings or at least that he would not be required to answer until the court ruled on such motion for a stay. As heretofore noted, two identical cases were pending in two courts. Was it not reasonable to believe that the circuit court proceedings, instituted subsequent to the one in federal court, may be stayed to see what disposition would be made in the federal court case? We think it was. In light of the circumstances this was a good faith motion and was in no way frivolous. The motion to stay, if granted, could be of assistance in clarifying the

proceedings between these parties, thereby possibly obviating the need for an answer.

The purpose of the rules of civil procedure is to permit not only a speedy determination of an adversary proceeding but, more importantly, a just determination. With this in mind it is understandable that provision has been made in the rules to correct a situation which, under certain circumstances, proves to be unjust. Such a rule is 60(b), which, as noted herein, is designed to relieve one from a final judgment if such relief is warranted thereunder. Rule 60(b)(1) authorizes a court to set aside a judgment for mistake, inadvertence, surprise or excusable neglect. In its application this rule should be given a liberal construction so that a judgment may reflect the true merits of a case. 3 BARRON AND HOLTZOFF, FEDERAL PRACTICE AND PROCEDURE, Section 1322; *Barber v. Turberville,* 218 F.2d 34; *Patapoff v. Vollstedt's Inc.,* 267 F.2d 863; *General Telephone Corporation v. General Telephone Answering Service,* 277 F.2d 919; *Standard Grate Bar Co. v. Defense Plant Corporation,* 3 F.R.D. 371 (D.C. M.D., Pa.); *Rooks v. American Brass Company,* 263 F.2d 166; *Kinnear Corp. v. Crawford Door Sales Co.,* 49 F.R.D. 3 (D.C., S.C.). This was succinctly stated in *Patapoff, supra,* as follows: "Rule 60(b) is clearly designed to permit a desirable legal objective: that cases may be decided on their merits. 'The recent cases applying Rule 60(b) have uniformly held that it must be given a liberal construction. * * * Since the interests of justice are best served by a trial on the merits, only after a careful study of all relevant considerations should courts refuse to open default judgments.' "

Applying these principles to the instant case and after a careful study of all relevant circumstances, we are of the opinion that Hamilton's failure to file a timely answer should be characterized as excusable neglect and that under Rule 60(b)(1) the default judgment should be vacated.

We are not unmindful of the generally accepted principle that whether a default judgment will be set aside under Rule 60 (b) is addressed to the sound discretion of the trial court and that its ruling will not be disturbed unless that discretion is abused. On this record, however, we are of the firm belief that it was an abuse of discretion for the court to have denied the motion to vacate the judgment.

For the reasons stated herein the judgment of the Circuit Court of Wood County is reversed and the case is remanded for such further proceedings as may be in conformity with the principles enunciated in this opinion.

*Reversed and remanded.*

Judges Haden and Kessel did not participate in the consideration or decision of this case.