464 S.E.2d 593

**JACKSON GENERAL HOSPITAL,**
Plaintiff Below, Appellee,

v.

**Joseph D. DAVIS, Defendant
Below, Appellant.**

No. 22848.

Supreme Court of Appeals of
West Virginia.

Submitted Sept. 13, 1995.

Decided Oct. 27, 1995.

Lee F. Benford, II, Ravenswood, for appellant.

Dean A. Furner, William A. Trainer, Spilman, Thomas & Battle, Parkersburg, for appellee.

McHUGH, Chief Justice:

This action is before this Court upon an appeal from the final order of the Circuit Court of Jackson County, West Virginia, entered on September 2, 1994. The appellant, Joseph D. Davis, contends that the circuit court committed error in refusing to set aside a default judgment entered against him. The judgment was entered in favor of the appellee, Jackson General Hospital. This Court has before it all matters of record and the briefs of counsel. For the reasons expressed below, the September 2, 1994, order of the circuit court is reversed.

I

In May 1993, the appellee filed an action in the Circuit Court of Jackson County against the appellant concerning an unpaid debt for medical services. At all times relevant to these proceedings, the appellant was an incarcerated convict, having been sentenced to the West Virginia penitentiary in 1989 upon felony convictions. Pursuant to an order entered on May 27, 1993, the circuit court appointed Lee F. Benford, II, an attorney in Ravenswood, West Virginia, as appellant's guardian ad litem with regard to the action.

The order appointing the guardian ad litem provided that the guardian ad litem be served with a copy of the complaint. The record confirms that on May 28, 1993, the guardian ad litem was personally served with a copy of the summons and the appellee's complaint.

It is undisputed, however, that neither the appellant nor the guardian ad litem appeared in the action or filed an answer prior to the entry of the default judgment. Consequently, upon the appellee's motion, the circuit court entered a default judgment in the amount of $5,002.01 against the appellant. The order granting default judgment was entered on June 23, 1993, and stated that the guardian ad litem had been served with a copy of the summons and complaint.

On July 20, 1994, more than one year after the entry of the default judgment, the guardian ad litem filed a motion pursuant to Rule 60(b) of the *West Virginia Rules of Civil Procedure* to set aside the judgment. The guardian ad litem asserted in the motion that, because neither the appellant nor the guardian ad litem appeared in the action, the circuit court was without authority to enter the default judgment against the appellant. Therefore, according to the guardian ad litem, the order of June 23, 1993, is void.

The circuit court conducted a hearing upon the Rule 60(b) motion on August 11, 1994, and, as reflected in the order of September 2, 1994, refused to set the default judgment aside. The appellant appeals to this Court from that order.

In the petition for appeal, the guardian ad litem again asserts that, because neither the appellant nor the guardian ad litem appeared in the action, the circuit court was without authority to enter the default judgment. The appellee, on the other hand, contends that the nonappearance of the appellant and the guardian ad litem did not preclude the circuit court from entering a default judgment.

## II

The manner in which the Circuit Court of Jackson County refused to set aside the default judgment was in the denial to the appellant of relief under *W.Va.R.Civ.P.* 60(b). That Rule provides that upon motion, and upon such terms as are just, a circuit court "may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: ... the judgment is void[.]"

In syllabus point 5 of *Toler v. Shelton,* 157 W.Va. 778, 204 S.E.2d 85 (1974), this Court stated: "A motion to vacate a judgment made pursuant to *Rule* 60(b), W.Va. R.C.P., is addressed to the sound discretion of the court and the court's ruling on such motion will not be disturbed on appeal unless there is a showing of an abuse of such discretion." That principle has been cited often by this Court and recently in syllabus point 1 of *Blair v. Ford Motor Credit Company,* 193 W.Va. 250, 455 S.E.2d 809 (1995). In similar language, this Court commented in *Intercity Realty Co. v. Gibson,* 154 W.Va. 369, 377, 175 S.E.2d 452, 457 (1970), that "it has been widely held that a motion to vacate a judgment under Rule 60(b) is addressed to the sound discretion of the court and that an abuse of such discretion must be shown before denial of the motion will be overturned on appeal." *Blair, supra,* 193 W.Va. at 252, 455 S.E.2d at 811.

A default judgment is authorized under *W.Va.R.Civ.P.* 55(b) when a party against whom a judgment for affirmative relief is sought "has failed to plead or otherwise defend." Moreover, Rule 55(c) provides that relief from a default judgment may be sought "in accordance with Rule 60(b)." This Court stated in syllabus point 1 of *Intercity Realty, supra,* that a default judgment obtained in accordance with the provisions of *W.Va.R.Civ.P.* 55(b) "is a valid and enforceable judgment and a motion to set aside such judgment will not be granted unless the movant shows good cause therefor as prescribed in Rule 60(b) of the aforesaid Rules of Civil Procedure." *Blair, supra,* 193 W.Va. at 253, 455 S.E.2d at 812.

As this Court held in syllabus point 2 of *Monterre v. Occoquan Land Development,* 189 W.Va. 183, 429 S.E.2d 70 (1993):

'In determining whether a default judgment should be entered in the face of a

Rule 6(b) motion or vacated upon a Rule 60(b) motion, the trial court should consider: (1) The degree of prejudice suffered by the plaintiff from the delay in answering; (2) the presence of material issues of fact and meritorious defenses; (3) the significance of the interests at stake; and (4) the degree of intransigence on the part of the defaulting party.' Syllabus Point 3, *Parsons v. Consolidated Gas Supply Corp.*, 163 W.Va. 464, 256 S.E.2d 758 (1979).

In this action, the guardian ad litem was appointed by the circuit court pursuant to *W.Va.R.Civ.P.* 17(c). That Rule provides in part: "The court or clerk shall appoint a discreet and competent attorney at law as guardian ad litem for an infant, incompetent person, or convict not otherwise represented in an action, or the court shall make such other order as it deems proper for the protection of any person under disability." Following the appointment, the guardian ad litem was served with a copy of the summons and complaint. *See W.Va.R.Civ.P.* 4(d)(4). Nevertheless, neither the appellant nor the guardian ad litem appeared in the action or filed an answer prior to the entry of the default judgment. The final order of September 2, 1994, found:

> That the defendant, Joseph D. Davis, failed to make appearance in this matter either in person or by his Guardian *ad Litem,* Lee F. Benford, II, prior to the entry of the default judgment on June 23, 1993, even though defendant, Joseph D. Davis, was represented in this action by Lee F. Benford, II, who was appointed Guardian *ad Litem* pursuant to Rule 17(c) of the West Virginia Rules of Civil Procedure.

Importantly, the record is barren of any reason or explanation for the guardian ad litem's failure to appear and represent the appellant prior to the entry of the default judgment. As the appellee's brief filed herein states: "Neither the Petition nor the record disclose any reasons why the Appellant or guardian ad litem failed to file an answer or why a motion under Rule 60(b) was not made until over a year after judgment was entered in the case below."

The purpose of an order appointing a guardian ad litem is to protect the person under disability. 6 *Moore's Federal Practice* 55.05[4] (2d ed. 1995); 10 Wright, Miller and Kane, *Federal Practice and Procedure: Civil 2d* § 2689 (2d ed. 1983). As the above cited language of Rule 17(c) makes clear, a circuit court shall appoint a guardian ad litem in an action such as this one, or "make such other order as it deems proper for the protection of any person under disability." Moreover, that general principle of protection applies in the context of default judgments. In syllabus point 2 of *Craigo v. Marshall,* 175 W.Va. 72, 331 S.E.2d 510 (1985), we held: "In the absence of an express written waiver of his right to a committee under W.Va.Code, 28–5–36, or a guardian ad litem under Rule 17(c) of the West Virginia Rules of Civil Procedure, a suit cannot be directly maintained against a prisoner." As we explained in *Craigo:* "This rule also reflects the special solicitude shown in Rule 55 of the West Virginia Rules of Civil Procedure relating to prohibiting default judgments against incarcerated convicts who are unrepresented." 175 W.Va. at 75, 331 S.E.2d at 514.

Here, the guardian ad litem asserts that, because neither the appellant nor the guardian ad litem appeared in the action, the circuit court was without authority to enter the default judgment. The guardian ad litem relies upon the following language of Rule 55(b):

> In all other cases the party entitled to a judgment by default shall apply to the court therefore and shall file with the court an affidavit showing the other party's failure to appear or otherwise defend; but no judgment by default shall be entered against an infant, incompetent person, or incarcerated convict unless represented in the action by a guardian, guardian ad litem, committee, curator or other representative *who has appeared therein.* If the party against whom judgment by default is sought has appeared in the action, he (or, if appearing by representative, his representative) shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application. If, in order to enable the court to enter judgment or to carry it into effect, it

is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence *or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary.*

(emphasis added).

■ Although this Court can find little by way of case decisions concerning this area of the law, the invalidity of the guardian ad litem's argument is highlighted by the time frame in this action. Here, the guardian ad litem never filed an answer to the complaint and did not file the Rule 60(b) motion to set aside the default judgment until over a year after the default judgment was entered. Certainly, the guardian ad litem should not be able to defeat the entry of a default judgment by simply not appearing in the action. Rather, the above language of Rule 55(b) indicates that a default judgment is authorized upon a failure to appear or "otherwise defend." In this action, the appellant and the guardian ad litem did not appear or defend the action, and, thus, default judgment was entered.

Considering the time frame herein in isolation, and the failure to file an answer to the complaint, the setting aside of a default judgment in such circumstances would be unusual. However, the rationale of the circuit court notwithstanding, we are concerned by the fact that the circuit court specifically appointed the guardian ad litem in this action to represent a defendant under disability, i.e., an incarcerated convict, within the meaning of the *West Virginia Rules of Civil Procedure*, and, yet, no defense to the action was made and no explanation was set forth in the motion to set aside or elsewhere in the record. There is no transcript of the August 11, 1994, hearing upon that motion.

Moreover, the circumstances in this action are in contradistinction to the protective purpose to be served by the order appointing the guardian ad litem. The *Craigo* case, *supra*, was cited in *Gossett v. Gilliam*, —— S.C. ——, 452 S.E.2d 6 (App.1994). In *Gossett*, the South Carolina court stated:

Where a prisoner is sued, a lawyer will ordinarily represent the plaintiff which places the prisoner at a considerable disadvantage. Because of the attendant restrictions of incarceration, it is often difficult for a prisoner to secure counsel or the appointment of a guardian ad litem prior to the expiration of the time for filing responsive pleadings.

452 S.E.2d at 7. *See also Chandos, Inc. v. Samson*, 150 W.Va. 428, 434, 146 S.E.2d 837, 841 (1966) (No valid judgment can be entered against an incompetent, unless he is "properly represented" in a suit or action.); *Rom v. Gephart*, 30 Ill.App.2d 199, 208, 173 N.E.2d 828, 832 (1961), (The appointment of guardian ad litem is not a mere formality.); *Laxy v. Laxy*, 3 Ill.App.2d 156, 164, 120 N.E.2d 881, 885 (1954), (The duties of a guardian ad litem are not perfunctory.); Lugar & Silverstein, *West Virginia Rules of Civil Procedure*, p. 163 (Michie 1960), ("A default judgment may not be entered under Rule 55(b)(2) against a person under disability unless he is properly represented, as provided in this Rule (17)."); 6 *Moore's Federal Practice*, 55.05[4] (2d ed. 1995), ("If the infant or incompetent defendant is not represented by a general fiduciary who has appeared in the action, the court should appoint a guardian ad litem who should plead such a denial as to put the plaintiff to the proof of the case.").

■ Although the scope of a circuit court's discretion with regard to the entry of a default judgment should not be unduly confined, the circuit court should proceed with caution where a guardian ad litem has been appointed. Upon all of the above, therefore, this Court holds that where a guardian ad litem who has been appointed, pursuant to *W.Va.R.Civ.P.* 17(c), to defend an incarcerated convict in a civil action, and who has been properly served with process concerning the action, fails to appear, plead or otherwise defend, the circuit court, prior to entry of a default judgment, has a duty, under *W.Va.R.Civ.P.* 55(b), to make an investigation or conduct a hearing upon the record concerning the guardian ad litem's representation of the incarcerated convict and, in addition, may order that the guardian ad litem be served with written notice of the application for default judgment, as if the guardian ad litem had appeared in the action.

By this ruling we are simply utilizing the language of Rule 55(b) which permits an investigation in the default context and, further, allows the circuit court to conduct hearings. Moreover, ordering the guardian ad litem to be served with written notice of the application for default judgment is a practical option which may assist the circuit court in its inquiry concerning the guardian ad litem's actions.

As stated above, the record herein is barren of any reason or explanation for the guardian ad litem's failure to appear and represent the appellant prior to the entry of the default judgment. Upon remand, the circuit court should investigate the question of whether its order appointing the guardian ad litem was followed and, in that context, whether the Rule 60(b) motion to set aside the default judgment was filed within a reasonable time.* Thereafter, the circuit court must decide whether to set aside the default judgment entered on June 23, 1993.

Accordingly, the final order of the Circuit Court of Jackson County, entered on September 2, 1994, is reversed, and this action is remanded to that court for proceedings consistent with this opinion.

Reversed and remanded.

ALBRIGHT, J., did not participate.

MILLER, Retired J., sitting by temporary assignment.

---

\* In this action, the guardian ad litem has asserted that the default judgment order of June 23, 1993, is void. A Rule 60(b) motion to set aside a void judgment is to be filed, pursuant to that Rule, "within a reasonable time."

Specifically, void judgments are classified under ground number (4) under Rule 60(b). In *Savas v. Savas*, 181 W.Va. 316, 382 S.E.2d 510 (1989), this Court held, in syllabus points 1 and 3:

> 1. Rule 60(b) of the West Virginia Rules of Civil Procedure provides a basis for relieving a party from a final judgment upon the following grounds: (1) mistake, surprise, excusable neglect, or unavoidable cause; (2) newly discovered evidence; (3) fraud, misrepresentation, or misconduct; (4) the judgment is void; (5) the judgment has been satisfied or vacated; or (6) any other reason justifying relief. The motion for relief must be made within a reasonable time, and for reasons (1), (2), (3), and (6) not more than eight months after the judgment order was entered.

> 3. Under Rule 60(b) of the West Virginia Rules of Civil Procedure, motions based on grounds numbered (4) and (5) are required only to be filed within a reasonable time and are not constrained by the eight-month period.

*See also* syl. pt. 2, *Jenkins v. Johnson*, 181 W.Va. 281, 382 S.E.2d 334 (1989).