464 S.E.2d 795

**NANCY DARLENE M., Plaintiff Below, Appellant,**

v.

**JAMES LEE M., Jr., Defendant Below, Appellee.**

No. 22765.

Supreme Court of Appeals of West Virginia.

Submitted Sept. 27, 1995.

Decided Nov. 17, 1995.

Kevin V. Sansalone, Fairmont, for Appellant.

Susan L. Riffle, Fairmont, for Appellee.

McHUGH, Chief Justice:

This action is before this Court upon the appeal of the appellant, Nancy Darlene M.,[1] from the final order of the Circuit Court of Marion County, West Virginia, entered on May 31, 1994. As reflected in the final order, the circuit court set aside an August 23, 1982, order of the circuit court concerning paternity and the obligation of the appellee, James Lee M., to pay child support. The circuit court found the August 23, 1982, order to be no longer equitable under Rule 60(b)(5) of the *West Virginia Rules of Civil Procedure.*

This Court has before it all matters of record and the briefs and argument of counsel. For the reasons expressed below, the final order of the circuit court is reversed, and this action is remanded to that court for further proceedings.

I

This action has a long and convoluted history. Much of that history was set forth in *Nancy Darlene M. v. James Lee M.*, 184 W.Va. 447, 400 S.E.2d 882 (1990), when this action was previously before us. Briefly stated, the parties were married in 1974 and separated in 1979. In 1979, the appellant gave birth to L.D.M., a daughter. Thereafter, the appellant filed for divorce, and on August 23, 1982, the circuit court entered a divorce order noting that L.D.M. was the child of the parties and awarding custody of the child to the appellant. Further noting that the appellee was in the military and serving in the State of California, the circuit court indicated that the appellee had waived his rights under the Soldiers' and Sailors' Civil Relief Act, 50 *U.S.C.*App. § 501, *et seq.*, as to this action. As stated in the order, the appellee was directed to pay $250.00 per month for child support.

In 1982, the appellant instituted a proceeding in California to compel the appellee to pay child support. During that proceeding, the appellee raised the issue of paternity. As reflected in an order entered on October 14, 1983, the Superior Court of Orange County, California, found that the appellee is not the father of L.D.M.

Following a subsequent attempt by the appellant to attach the appellee's wages, the appellee, in May 1988, filed a motion in Marion County to terminate child support payments. In adherence to the California order,

---

1. We follow our practice in domestic relations cases involving sensitive matters and use initials to identify the parties, rather than full names. *In the Matter of Jonathan P.,* 182 W.Va. 302, 303 n. 1, 387 S.E.2d 537, 538 n. 1 (1989).

the circuit court, pursuant to an order entered on February 28, 1989, suspended the appellee's obligation to pay child support and, further, ordered that child support arrearages be paid at a nominal rate.

Upon appeal, however, this Court reversed and directed the circuit court to reinstate the $250.00 per month child support obligation and, in addition, reinstate the child support arrearage, which at that time was $17,000.00. In *Nancy Darlene M.*, we stated that an adjudication of paternity expressed in a divorce order "is *res judicata* as to the husband and wife in any subsequent proceeding." In particular, we noted that the appellee had failed to appeal from the Marion County order of August 23, 1982, which stated that he was the father of L.D.M. Moreover, we concluded that the California order of October 14, 1983, was not entitled to full faith and credit.

Pursuant to this Court's mandate in *Nancy Darlene M.*, the circuit court entered an order on April 8, 1991, reinstating the $250.00 per month child support obligation and granting judgment for the appellant for the arrearages. Thereafter, the appellee moved to amend the judgment, asking the circuit court to reduce the amount of child support payments. In May 1991, the circuit court entered a stay of its April 8, 1991, order and referred the action to a family law master. The family law master conducted a hearing concerning the appellee's child support obligation, and, in June 1992, recommended, *inter alia*, that the child support obligation be reduced to approximately $208.00 per month. The appellee filed exceptions to the family law master's recommended order.

Upon review, the circuit court, in September 1992, denied the appellee's exceptions. However, the circuit court stayed the entry of the recommended order pending appeal to this Court. The rationale of the circuit court concerning the stay was that, because the record contained evidence showing that the appellee was not the father of L.D.M., it would be inequitable for the appellee to continue to pay child support. An appeal from the September 1992 ruling of the circuit court was refused by this Court.

In March 1993, the appellee filed a motion in the circuit court for relief from the original divorce order of August 23, 1982. The motion was filed pursuant to *W.Va.R.Civ.P.* 60(b)(5), concerning relief from judgments which are "no longer equitable." The circuit court conducted hearings upon the motion and, pursuant to a final order entered on May 31, 1994, set aside the order of August 23, 1982, except for the granting of a divorce between the parties. In the final order of May 31, 1994, the circuit court found that the birth of L.D.M. was not a result of a union between the appellant and the appellee. This appeal followed.

II

In this action, relief from the August 23, 1982, judgment was granted pursuant to *W.Va.R.Civ.P.* 60(b)(5). That Rule provides that upon motion, and upon such terms as are just, a circuit court may relieve a party or his legal representative from a final judgment, order or proceeding where "it is no longer equitable that the judgment should have prospective application."

■ In syllabus point 1 of *Jackson General Hospital v. Davis*, 195 W.Va. 74, 464 S.E.2d 593 (1995) this Court stated:

'A motion to vacate a judgment made pursuant to Rule 60(b), W.Va.R.C.P., is addressed to the sound discretion of the court and the court's ruling on such motion will not be disturbed on appeal unless there is a showing of an abuse of such discretion.' Syl. pt. 5, *Toler v. Shelton*, 157 W.Va. 778, 204 S.E.2d 85 (1974).

*See also* syl. pt. 1, *Blair v. Ford Motor Credit Company*, 193 W.Va. 250, 455 S.E.2d 809 (1995); *Intercity Realty v. Gibson*, 154 W.Va. 369, 377, 175 S.E.2d 452, 457 (1970).

Here, the appellant contends that the circuit court abused its discretion in granting relief to the appellee under Rule 60(b)(5) because, as the appellant asserts, there has been no change in the controlling facts and circumstances concerning the parties since the entry of the August 23, 1982, order, and, in addition, the Rule 60(b)(5) motion was not

filed within a reasonable time.[2] The appellee, on the other hand, contends that the setting aside of the August 23, 1982, order was within the circuit court's discretion, and the Rule 60(b)(5) motion was filed within a reasonable time.

A careful review of the voluminous record in this action reveals that all of the challenges to the August 23, 1982, order, raised by the appellee in his Rule 60(b)(5) motion to the circuit court, could have been raised upon an appeal of that order. The appellee, however, never appealed the order. In any event, the paternity of L.D.M., and the appellee's obligation to pay child support, were later settled by this Court, in 1990, in *Nancy Darlene M.* Moreover, as indicated above, an attempt by the appellee, in 1992, to obtain relief in this Court was rejected. Now, by granting relief to the appellee under Rule 60(b)(5), the circuit court has again permitted the issues of paternity and the obligation to pay child support to be raised. However, we specifically stated in *Nancy Darlene M.* that the paternity issue in this action has been adjudicated, and is *res judicata.* 184 W.Va. at 452, 400 S.E.2d at 887.

In particular, during the consideration of the Rule 60(b)(5) motion below, the appellee asserted that (1) the divorce order of August 23, 1982, was improperly entered, (2) the appellee was prevented from submitting evidence upon the issue of paternity and (3) he was unaware of his rights concerning an appeal from the divorce order. Certainly, any defects concerning the entry of the divorce order, as well as the exclusion of the appellee's evidence concerning paternity, could have been made the subject of an appeal to this Court. *See Nancy Darlene M.*, 184 W.Va. at 449 n. 5, 400 S.E.2d at 884 n. 5. Moreover, with regard to the third point, the appellee testified at the hearing below upon his Rule 60(b)(5) motion that, although his attorney during the divorce proceedings informed him that there were no

grounds for an appeal, the appellee could have contacted other attorneys in the Marion County area. Specifically, the appellee indicated that he knew that the opinions of other attorneys were available.

In *N.C. v. W.R.C.*, 173 W.Va. 434, 317 S.E.2d 793 (1984), a husband and wife continued to have sexual relations following their divorce. The wife became pregnant, and the parties remarried. During subsequent divorce proceedings, the husband appeared in the action but did not contest paternity. The order granting the subsequent divorce directed the husband to pay child support. Following the running of the appeal period from that order, the husband petitioned the circuit court for relief, raising the issue of paternity. The circuit court denied relief, and this Court affirmed. In *N.C.*, we noted that the husband had not raised the issue of paternity "through appropriate proceedings" prior to the final disposition of his second divorce. 173 W.Va. at 438, 317 S.E.2d at 797. The *N.C.* case was discussed by this Court in *Nancy Darlene M.*

▆▆▆ The language of *W.Va.R.Civ.P.* 60(b)(5), allowing relief from a judgment where "it is no longer equitable that the judgment should have prospective application," is comparable to the language found in *Fed.R.Civ.P.* 60(b)(5), and has been suggested to apply in situations where the controlling circumstances of the action have changed. *Jenkins v. Johnson*, 181 W.Va. 281, 283, 382 S.E.2d 334, 336 (1989); 47 Am.Jur.2d *Judgments* § 847 (1995). Rule 60(b)(5) has traditionally been applied to injunction cases. *Jenkins*, 181 W.Va. at 283, 382 S.E.2d at 336. Moreover, Rule 60(b) is not a substitute for an appeal. *Jenkins*, 181 W.Va. at 283, 382 S.E.2d at 336; 7 *Moore's Federal Practice* 60.26[4] (2d ed. 1995). *See also* 35B C.J.S. *Federal Civil Procedure* § 1233 (1960), where it is stated that Rule 60(b) is not "a substitute for a direct appeal from an erroneous judgment, and is not de-

---

2. Relief from a judgment, where "it is no longer equitable that the judgment should have prospective application," falls within ground for relief number (5) under Rule 60(b). In syllabus point 3 of *Savas v. Savas*, 181 W.Va. 316, 382 S.E.2d 510 (1989), this Court held: "Under Rule 60(b) of the West Virginia Rules of Civil Procedure,

motions based on grounds numbered (4) and (5) are required only to be filed within a reasonable time and are not constrained by the eight-month period." Incidentally, the appeal period to this Court is now four months. *See* Rule 3(a) of the *Rules of Appellate Procedure, West Virginia Supreme Court of Appeals.*

signed to circumvent the policy evidenced by the Rule limiting the time for appeal, except in compelling circumstances." As expressed by John F. Wagner, Jr., Annotation, *Construction and Application of Rule 60(b)(5) of Federal Rules of Civil Procedure, Authorizing Relief from Final Judgment Where Its Prospective Application is Inequitable,* 117 A.L.R.Fed. 419 (1994): "A movant for relief under the inequitable-prospective-application clause of Rule 60(b)(5) can be denied relief for failure to exercise procedural rights with respect to the judgment[.]" In particular, the power reposed in the courts under Rule 60(b)(5) should be "cautiously invoked." 35B C.J.S. *Federal Civil Procedure* § 1246 (1960).

 Here, there has been no change in the controlling circumstances of the action. As stated above, the challenges to the August 23, 1982, order, raised by the appellee, could have been raised upon an appeal of that order and were, in any event settled by this Court in *Nancy Darlene M.* The transcripts of the hearings conducted by the circuit court reveal no matters which were not previously considered. The appellant's petition for appeal to this Court is correct in its observation that the circuit court has erroneously permitted the appellee to substitute a Rule 60(b) motion "for his failure to take a timely appeal of the August 23, 1982, divorce order." Accordingly, this Court is of the opinion that the circuit court abused its discretion in setting aside the August 23, 1982, order. Specifically, we hold that Rule 60(b)(5) of the *West Virginia Rules of Civil Procedure,* which permits relief from a judgment where "it is no longer equitable that the judgment should have prospective application," is ordinarily limited to instances where the controlling circumstances of the action have changed subsequent to the entry of the judgment and is not to be invoked as a substitute for an appeal; in considering a motion for relief under Rule 60(b)(5), a circuit court should proceed with caution.

 Nor was the appellee's motion for relief pursuant to Rule 60(b)(5) filed within a reasonable time. *See* n. 2, *supra.* The motion was filed in March 1993, more than ten years after the divorce order of August 23, 1982. In *Jenkins, supra,* an action concern-

ing a right-of-way, a two-year delay in the filing of a Rule 60(b)(5) motion was deemed unreasonable. Actions involving paternity issues, however, are of particular concern. Although this Court is reluctant to establish an inflexible rule concerning time frames for challenging paternity, we indicated in *Michael K.T. v. Tina L.T.,* 182 W.Va. 399, 405, 387 S.E.2d 866, 872 (1989), that, ordinarily, challenges to paternity, beyond "a relatively brief passage of time," should not be permitted. Here, the failure of the appellee to file the Rule 60(b)(5) motion within a reasonable time is, *a fortiori,* obvious considering this Court's 1990 admonition in *Nancy Darlene M.:*

> If we were to recognize that the appellee could continue to raise the issue of paternity nearly five years after the birth of his putative daughter, then our domestic relations law would be replete with cases in which paternity is denied, and, consequently, child support payments, necessary for the daily needs of children's lives, would never be met.

184 W.Va. at 451, 400 S.E.2d at 886.

This proceeding marks the third time this action has been before us. A review of the record indicates that the circuit court, to some extent, disagrees with this Court's ruling in *Nancy Darlene M.,* and that disagreement has contributed to the continued litigation of the paternity issue. Our opinion in *Nancy Darlene M.* settled the paternity issue. As we have previously stated, the rulings of this Court are to be promptly followed. *Flanigan v. Public Employees' Retirement System,* 177 W.Va. 331, 335–36, 352 S.E.2d 81, 86 (1986).

The appellant requests that this Court reinstate the appellee's obligation to pay child support in the amount of $208.00 per month, as modified by the family law master in June 1992. *See* syl. pt. 2, *Goff v. Goff,* 177 W.Va. 742, 356 S.E.2d 496 (1987), concerning the modification of child support payments. In addition, the appellant requests that this Court reinstate the child support arrearages and the appellee's obligation to pay those arrearages. Those requests are so ordered.

Therefore, the final order of the Circuit Court of Marion County, entered on May 31, 1994, is reversed, and this action is remanded to that court for proceedings consistent with this opinion.

Reversed and remanded.