# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**KATHLEEN J. CROCKARD,**
**Claimant Below, Petitioner**

**FILED**
July 9, 2020
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)   No. 18-1026** (BOR Appeal No. 2052931)
(Claim No. 2018010288)

**WHEELING HOSPITAL, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Kathleen J. Crockard, by Counsel Sandra K. Law, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Wheeling Hospital, Inc., by Counsel Jennifer B. Hagedorn, filed a timely response.

The issue on appeal is compensability on a no-lost-time basis. The claims administrator rejected the claim on November 3, 2017. The Office of Judges reversed the decision in its May 16, 2018, Order and held the claim compensable for a lumbar sprain/strain on a no-lost-time basis. The Order was affirmed by the Board of Review on October 29, 2018.

The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Crockard, a dietary aide, was injured in the course of her employment on October 16, 2017. The Employees' and Physicians' Report of Injury indicated Ms. Crockard was treated at Wheeling Hospital Emergency Department and diagnosed with a low back muscle strain. The form indicated she had not been advised to remain off of work for four or more days. The treatment note from Wheeling Hospital Emergency Department that day indicates Ms. Crockard had right lumbar pain. It was noted that she had previously undergone an MRI which showed disc disease in the lumbar spine that could lead to radiculopathy.

1

Ms. Crockard has a history of lower back and right leg pain. A treatment note dated October 23, 2014, by D. Riggle, FNP-C, indicates Ms. Crockard was treated for neuropathy. On September 20, 2014, a treatment note from Advance Family Practice stated that Ms. Crockard was seen for right leg pain. It was noted that she had neuropathy in her legs as well as a bulging disc. A lumbar MRI was performed on September 30, 2017, and revealed disc and facet disease, most pronounced at L4-5 and L5-S1. It was noted that Ms. Crockard had protrusions in a position that could affect the nerve routes, most pronounced at the right L5-S1 disc.

Ms. Crockard sought treatment from Ross Tennant, FMP, from Wheeling Hospital, on October 18, 2017. The note indicates she reported lower back pain that radiated into her right buttock. Ms. Crockard stated that she had a history of chronic low back pain and that she had undergone an MRI on September 30, 2017. Mr. Tennant noted that Ms. Crockard had reduced range of motion in her spine and diagnosed an exacerbation of chronic lower back pain. The claims administrator rejected the claim on November 3, 2017. A lumbar MRI was performed on December 20, 2017, and showed no significant change from the September 30, 2017, MRI. There was a disc bulge at L4-5 with mild canal narrowing at L5-S1.

Ronald Hargraves, M.D., completed a medication request on December 28, 2017, and listed the current diagnoses as herniated lumbar disc and right-sided sciatic pain. In a diagnosis update that same day, Dr. Hargraves listed the primary diagnosis as herniated L4-5 disc and the secondary diagnosis as degenerative disc disease at L5-S1. Dr. Hargraves completed a medical statement on December 29, 2017, in which he opined that Ms. Crockard's condition was due to her work-related injury. He asserted she should be able to follow up with him for her right leg pain. In a January 8, 2018, letter, Dr. Hargraves stated that Ms. Crockard had experienced low back and right leg pain since her work-related injury. He felt she was symptomatic due to her L4-5 disc herniation. In a January 17, 2018, letter, Dr. Hargraves stated that Ms. Crockard's condition had deteriorated, and he was going to perform a L4-5 microdiscectomy. He performed the surgery on February 7, 2018.

Ms. Crockard testified in a deposition on February 23, 2018, that she was injured while lifting objects above her head. She underwent surgery and has not had right leg pain since that time. She stated that she still experiences low back pain with stiffness. Ms. Crockard admitted to a low back injury five years prior but denied any ongoing problems after the injury. She testified that she was treated for bilateral neuropathy in her feet in September of 2017.

The Office of Judges reversed the claims administrator's rejection of the claim and held the claim compensable for a lumbar sprain/strain on a no-lost-time basis in its May 16, 2018, Order. It found that this Court stated in *Jordan v. State Workmen's Compensation Commissioner,* 156 W. Va. 59, 191 S.E.2d 497 (1972), that just because an employee has a preexisting condition, does not mean he or she cannot suffer a new injury in the course of employment. When there is evidence of a preexisting injury, a new claim is compensable when it is the result of a definite, isolated, fortuitous occurrence. The Office of Judges determined that the record shows in this case that Ms. Crockard has had at least two prior lower back injuries, one of which occurred in the course of her employment. She reported right lower extremity pain prior to the injury at issue, but had no complaints of lower back pain at that time. The Office of Judges determined that the

evidence shows Ms. Crockard was lifting a box on October 16, 2017, when she sustained a lower back injury and was escorted to the emergency room. This satisfies the requirements of a definite, isolated, fortuitous event. Ms. Crockard was diagnosed with a low back strain, and it was indicated that she would not be off of work for four days or more. The Office of Judges found that she eventually underwent surgery for a herniated lumbar disc. The disc was herniated prior to the compensable injury, as seen on MRI, and is therefore unrelated to the claim. Ms. Crockard's continued temporary total disability was determined to be the result of the non-claim-related surgery. The Office of Judges therefore found that while the claim was compensable for a lumbar sprain, temporary total disability benefits should not be granted. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on October 29, 2018.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. Pursuant to West Virginia Code § 23-4-1, employees who receive injuries in the course of and as a result of their covered employment are entitled to benefits. For an injury to be compensable it must be a personal injury that was received in the course of employment, and it must have resulted from that employment. *Barnett v. State Workmen's Compensation Commissioner*, 153 W. Va. 796, 172 S.E.2d 698 (1970). Temporary total disability benefits will be granted when the period of disability is greater than three days. West Virginia Code § 23-4-1c. A claimant must submit evidence that he or she is unable to return to employment as a result of the compensable injury. In this case, it is clear that Ms. Crockard sustained a lumbar sprain in the course of and resulting from her employment. However, MRIs taken shortly before and after the injury show that her herniated lumbar disc preexisted the compensable injury and is therefore not compensable. Ms. Crockard's continued inability to work is the result of her lower back surgery, necessitated by the noncompensable herniated disc. Accordingly, the claim was properly held compensable on a no-lost-time basis.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it so clearly wrong based upon the evidentiary record that even when all inferences are resolved in favor of the Board of Review's findings, reasoning and conclusions, there is insufficient support to sustain the decision. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: July 9, 2020**

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison