664 S.E.2d 90

Dr. Danny Ray WESTMORELAND,
Plaintiff Below, Appellant,

v.

Shrikant K. VAIDYA, M.D., Defendant
Below, Appellee.

No. 33459.

Supreme Court of Appeals of
West Virginia.

Submitted Jan. 22, 2008.

Decided Feb. 14, 2008.

Concurring Opinion of Justice
Starcher July 17, 2008.

Robert W. Bright, Story Law Office, Pomeroy, OH, for Appellant.

Thomas J. Hurney, Jr., Rob J. Aliff, Amber L. Hoback, Jackson Kelly, PLLC, for Appellee.

## PER CURIAM.

The appellant, Danny Ray Westmoreland (hereinafter "Dr. Westmoreland"), appeals from two adverse rulings issued by the Circuit Court of Mason County. On December 13, 2006, the trial court entered an order denying Dr. Westmoreland's Rule 60(b)[1] motion for reconsideration of an October 30, 2006, order that dismissed his complaint for failure to comply with the West Virginia Medical Professional Liability Act (hereinafter "MPLA"), W. Va.Code § 55–7B–1, *et seq.* Specifically, the October 30, 2006, order found that Dr. Westmoreland's medical malpractice suit against the appellee, Shrikant K. Vaidya, M.D., (hereinafter "Dr. Vaidya") failed to comply with the MPLA's certificate of merit requirement. *See* W. Va.Code § 55–7B–6(b) (2003) (Supp.2007). On appeal to this Court, Dr. Westmoreland alleges that dismissal of his suit was improper for various reasons.[2] In response, Dr. Vaidya avers that dismissal was proper because Dr. Westmoreland failed to comply with the MPLA pre-suit mandates. Based upon the parties' arguments, the record designated for our consideration, and the pertinent authorities, we affirm the trial court's decision that the MPLA governs this case, we reverse the decisions of the Circuit Court of Mason County[3] that dismissed this case, and we remand this case for further consideration consistent with this opinion to afford Dr. Westmoreland an opportunity to secure a certificate of merit.

## I.

## FACTUAL AND PROCEDURAL HISTORY

This is a case of one doctor suing another doctor for alleged medical malpractice. Dr. Westmoreland is a family practitioner who saw Dr. Vaidya, a urologist, on June 13,2003, for kidney stones. Dr. Vaidya placed a temporary stent in Dr. Westmoreland's ureter to remove a kidney stone that had obstructed the left kidney. The parties agree that this procedure was uneventful. However, the parties differ as to the effect of a procedure performed on June 16, 2003, when Dr. Vaidya removed the temporary stent through a process known as a cystoscopy. The minor surgery took place in Dr. Vaidya's office. Dr. Vaidya avers that the procedure went well without incident; however, Dr. Westmoreland claims that he was injured during the event and that Dr. Vaidya continued with the cystoscopy even after Dr. Westmoreland directed him to stop. As a result of the June 16, 2003, cystoscopy, Dr. Westmoreland claims permanent injury and disfigurement. He sued Dr. Vaidya for medical malpractice, civil battery, slander, and fraud.

On May 2, 2005, Dr. Westmoreland served a handwritten "Notice of intent to bring suit" on Dr. Vaidya. Dr. Westmoreland filed the same handwritten notice in the circuit court on June 10, 2005, to initiate his case against

---

**1.** The motion was filed under the West Virginia Rules of Civil Procedure.

**2.** Specifically, Dr. Westmoreland asserts the following assignments of error on appeal to this Court: (1) the trial court abused its discretion by granting the motion to dismiss on purely procedural grounds; (2) the trial court abused its discretion in finding that Dr. Westmoreland's *pro se* reliance on the exception in W. Va.Code § 55–7B–6(c) (2003) (Supp.2007) was insufficient to withstand dismissal; (3) Dr. Vaidya waived any objections to the pre-suit filings when he failed to give written and specific notice of the alleged defects; (4) the trial court abused its discretion in granting Dr. Vaidya's motion to dismiss based on alleged failures with the pre-suit requirements of the MPLA and in denying Dr. Westmoreland's motion for reconsideration; (5) the trial court erred in not ruling on Dr. Westmoreland's mo-

tion for default judgment; (6) the certificate of merit requirement in W. Va.Code § 55–7B–6(b) (2003) (Supp.2007) is unconstitutional because it restricts or denies access to the courts by requiring plaintiffs to expend exorbitant amounts of money to obtain a certificate of merit; (7) the civil battery claim, arising from the allegation that Dr. Westmoreland instructed Dr. Vaidya to stop the procedure and Dr. Vaidya's failure to stop, should not have been dismissed because it is outside the MPLA; (8) the fraud and slander claims are outside the MPLA and should not have been dismissed; and (9) the trial court erred in finding that Dr. Westmoreland's reliance on W. Va.Code § 55–7B–6(c) was in bad faith.

**3.** The Honorable Tod J. Kaufman was assigned to preside over the present case after the voluntary recusal of the sitting circuit judges in the Circuit Court of Mason County.

Dr. Vaidya. Dr. Westmoreland invoked W. Va.Code § 55–7B–6(c) (2003) (Supp.2007),[4] in his *pro se* filing. The "Notice of intent to bring suit" stated that he was providing notice "in lieu of [a] Certificate of Merit due to the fact that the common person would not need to have an expert verify the breech [sic] of [the] standard of care[.]" The filing went on to state that "[a]ll urologists refused to sign the certificate of merit for social reasons making it impossible to use legal counsel[.]"[5] Further, "I understand that this notification meets the criteria in W. V[a.] Code § 55–7B–6(c)[.]"

Thereafter, on June 30, 2005, Dr. Vaidya filed a motion to dismiss for failure to comply with the pre-suit requirements, namely the failure to provide a screening certificate of merit. By order entered October 30, 2006, the circuit court agreed and found that

> this case is controlled by the "MPLA" and [Dr. Westmoreland] must meet its requirements in filing this malpractice action, *including filing a certificate of merit and providing an expert witness to testify to the deviation of the standard of care.* This is particularly true because of the specialized nature of the medical practice of urology. Because Plaintiff has failed to meet the pre-filing requirements in this action, the case must, as a matter of law, be dismissed.

(Emphasis in original). Dr. Westmoreland filed a motion under Rule 60(b) of the West Virginia Rules of Civil Procedure asking the trial court to reconsider its earlier dismissal of the suit. In that motion, Dr. Westmoreland argued that his *pro se*[6] procedural mistakes should be overlooked and that he had litigated the case with a good faith belief that his case did not require expert testimony and that his case should be allowed to proceed. In the alternative, Dr. Westmoreland asked for a stay of the case and a second chance to obtain a certificate of merit.

By order entered December 13, 2006, the circuit court denied the Rule 60(b) motion for reconsideration, finding as follows:

> Plaintiff admitted his awareness of the Certificate of Merit requirement and it is undisputed that Plaintiff did not serve Dr. Vaidya with a Certificate of Merit. Plaintiff did attempt to obtain a Certificate of Merit and Plaintiff contends that two specialists in urology were willing to sign a Certificate of Merit on his behalf in this case.... Plaintiff claims he is entitled to reconsideration ... because he made procedural errors constituting mistake and excusable neglect and ... under the "any other reason justifying relief from the operation of the judgment" provision of Rule 60(b).

The circuit court went on to find that the

> Plaintiff failed to show good faith and a reasonable basis for noncompliance. Plaintiff knew of the Certificate of Merit requirement when he filed his claim and he was reminded of his noncompliance when Dr. Vaidya filed his Motion to Dismiss of June 30, 2005. This means that for the past 18 months Plaintiff has neglected to address these deficiencies. Plaintiff has also failed to show "any other reason" warranting reconsideration for his failure to comply with the MPLA.

After the circuit court's denial of the motion for reconsideration, Dr. Westmoreland appealed to this Court. On appeal, he asserts numerous allegations;[7] however, the controlling issue on appeal is the trial court's

---

4. The relevant code section states, in relevant part, as follows:

> if a claimant or his or her counsel, believes that no screening certificate of merit is necessary because the cause of action is based upon a well-established legal theory of liability which does not require expert testimony supporting a breach of the applicable standard of care, the claimant or his or her counsel, shall file a statement specifically setting forth the basis of the alleged liability of the health care provider in lieu of a screening certificate of merit.

W. Va.Code § 55–7B–6(c) (2003) (Supp. 2007).

5. During arguments on motions, Dr. Westmoreland revealed that two urologists were willing to sign the certificate of merit, but that their fees were cost prohibitive.

6. By the time of the filing of the motion for reconsideration, Dr. Westmoreland had obtained legal representation.

7. See note 2, *supra*.

dismissal of the suit for failure to comply with the MPLA on procedural grounds.

## II.

### STANDARD OF REVIEW

The appeal before this Court involves two orders entered by the trial court: a dismissal order for failure to follow pre-suit requirements, and a denial of a Rule 60(b) motion for reconsideration of the dismissal. Recognizing that "[a] motion made pursuant to Rule 60(b), W. Va. R.C.P., does not toll the running of the appeal time of [four] months provided by West Virginia Code, Chapter 58, Article 5, Section 4, as amended." Syl. pt. 1, *Toler v. Shelton*, 157 W.Va. 778, 204 S.E.2d 85 (1974),[8] the current appeal before this Court was timely filed as it relates to both orders.

Observing the guiding principle expressed in Syllabus point 3 of *Toler* that "[a]n appeal of the denial of a *Rule* 60(b) motion brings to consideration for review only the order of denial itself and not the substance supporting the underlying judgment nor the final judgment order,"[9] 157 W.Va. 778, 204 S.E.2d 85, we take note that the underlying motion for reconsideration challenges the trial court's earlier dismissal of the case. Because the appeal of the order of dismissal was also timely filed within the four month appeal period, our review will focus on the substantive standard of review applicable to motions to dismiss.

We have previously explained that "a motion to dismiss should be granted only where 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" *Ewing v. Board of Educ. of County of Summers*, 202 W.Va. 228, 235, 503 S.E.2d 541, 548 (1998) (quoting *Murphy v. Smallridge*, 196 W.Va. 35, 36, 468 S.E.2d 167, 168 (1996) (internal citations omitted)). The standard of review applied to grants of motions to dismiss is well-recognized as follows: "'Appellate review of a circuit court's order granting a motion to dismiss a complaint is *de novo*.' Syllabus point 2, *State ex rel McGraw v. Scott Runyan Pontiac–Buick, Inc.*, 194 W.Va. 770, 461 S.E.2d 516 (1995)." Syl. pt. 1, *Albright v. White*, 202 W.Va. 292, 503 S.E.2d 860 (1998). Mindful of these applicable standards, we now consider the substantive issues raised herein.

### III.

### DISCUSSION

On appeal to this Court, Dr. Westmoreland asserts nine assignments of error.[10] However, several of them are duplicative as far as the underlying merits and substantive law. In essence, Dr. Westmoreland argues the following: (1) the trial court's dismissal of his suit for failure to comply with the MPLA on procedural grounds was in error; (2) the certificate of merit requirement is unconstitutional;[11] and (3) the civil battery, slander, and fraud claims are all outside the ambit of the MPLA and should not have been dis-

---

8. See also Rule 3(a) of the West Virginia Rules of Appellate Procedure providing, in pertinent part, that "[n]o petition shall be presented for an appeal from, or a writ of supersedeas to, any judgment, decree or order, which shall have been entered more than four months before such petition is filed[.]"

9. It is well-settled that "[a] motion to vacate a judgment made pursuant to Rule 60(b), W. Va. R.C.P., is addressed to the sound discretion of the court and the court's ruling on such motion will not be disturbed on appeal unless there is a showing of an abuse of such discretion." Syl. pt. 5, *Toler v. Shelton*, 157 W.Va. 778, 204 S.E.2d 85 (1974). *Accord* Syl. pt. 1, *Nancy Darlene M. v. James Lee M.*, 195 W.Va. 153, 464 S.E.2d 795 (1995); Syl. pt. 1, *Jackson Gen. Hosp. v. Davis*, 195 W.Va. 74, 464 S.E.2d 593 (1995).

10. See note 2, *supra*, for further delineation of Dr. Westmoreland's assignments of error.

11. This Court has recently stated that "[w]hen it is not necessary in the decision of a case to determine a constitutional question, this Court will not consider or determine such question." *See Davis v. Mound View Health Care, Inc.*, 220 W.Va. 28, 29 n. 2, 640 S.E.2d 91, 92–93 n. 2 (2006), quoting Syl. pt. 5, *In re Tax Assessments Against Pocahontas Land Corp.*, 158 W.Va. 229, 210 S.E.2d 641 (1974). In the present case, the constitutional issue is not the controlling issue; thus, this Court declines to address the constitutionality of the MPLA pre-suit requirements.

missed.[12] In response to Dr. Westmoreland's assignments of error. Dr. Vaidya argues that Dr. Westmoreland failed to comply with the pre-suit requirement of obtaining a certificate of merit. Thus, Dr. Vaidya contends that dismissal was proper on all procedural grounds. The core of this discussion will necessarily center on the trial court's dismissal of the suit based on Dr. Westmoreland's failure to comply with the pre-suit notice requirements of W. Va.Code § 55–7B–6(b).

The pre-suit filing requirements of the MPLA are found in W. Va.Code § 55–7B–6(b), which states, in relevant part, that

> [a]t least thirty days prior to the filing of a medical professional liability action against a health care provider, the claimant shall serve ... a notice of claim on each health care provider .... together with a screening certificate of merit. The screening certificate of merit shall be executed under oath by a health care provider qualified as an expert under the West Virginia Rules of Evidence and shall state with particularity: (1) The expert's familiarity with the applicable standard of care in issue; (2) the expert's qualifications; (3) the expert's opinion as to how the applicable standard of care was breached; and (4) the expert's opinion as to how the breach of the applicable standard of care resulted in injury or death. A separate screening certificate of merit must be provided for each health care provider against whom a claim is asserted. The person signing the screening certificate of merit shall have no financial interest in the underlying claim, but may participate as an expert witness in any judicial proceeding.

Dr. Westmoreland filed suit against Dr. Vaidya, invoking an exception to the requirement that a certificate of merit be filed. Specifically, Dr. Westmoreland relied on W.

Va.Code § 55–7B–6(c), which states, in relevant part,

> if a claimant or his or her counsel, believes that no screening certificate of merit is necessary because the cause of action is based upon a well-established legal theory of liability which does not require expert testimony supporting a breach of the applicable standard of care, the claimant or his or her counsel, shall file a statement specifically setting forth the basis of the alleged liability of the health care provider in lieu of a screening certificate of merit.

■ The language of the statute and its interpretation is not at issue in this case. Rather, the issue is Dr. Westmoreland's reliance on the exception in subsection (c) and its resulting effect on the pendency of the case. In specifically addressing the pre-suit filing requirements of the MPLA, this Court has previously held that,

> [u]nder *W. Va.Code*, 55–7B–6 [ (2003) (Supp.2007) ] the purposes of requiring a pre-suit notice of claim and screening certificate of merit are (1) to prevent the making and filing of frivolous medical malpractice claims and lawsuits; and (2) to promote the pre-suit resolution of non-frivolous medical malpractice claims. The requirement of a pre-suit notice of claim and screening certificate of merit is not intended to restrict or deny citizens' access to the courts.

Syl. pt. 2, *Hinchman v. Gillette*, 217 W.Va. 378, 618 S.E.2d 387 (2005).

■ In regards to alleged deficiencies in the certificate of merit, this Court has explained that

> [b]efore a defendant in a lawsuit against a healthcare provider can challenge the legal sufficiency of a plaintiffs pre-suit notice of claim or screening certificate of

---

**12.** Our decision to reverse this case and remand it for further consideration obviates the need to address some of Dr. Westmoreland's assignments of error. Further, given the posture of the case as a result of the underlying dismissal pursuant to Rule 12(b)(6) of the West Virginia Rules of Civil Procedure, the record is not sufficiently developed for this Court to adequately address the fraud, slander, and battery claims. Thus, this Opinion does not determine whether these fact-

specific claims should be included in, or excluded from, the governance of the MPLA. *But see Blankenship v. Ethicon, Inc.*, 221 W.Va. 700, 705, 656 S.E.2d 451, 456 (2007) ("Fraud, spoliation of evidence, or negligent hiring are no more related to "medical professional liability" or "health care services" than battery, larceny, or libel. There is simply no way to apply the MPLA to such claims." (internal quotations and citation omitted)).

merit under *W. Va.Code,* 55–7B–6 [ (2003) (Supp.2007) ], the plaintiff must have been given written and specific notice of, and an opportunity to address and correct, the alleged defects and insufficiencies.

Syl. pt. 3, *id.* Further,

[u]nder *W. Va.Code,* 55–7B–6 [ (2003) (Supp.2007) ], the making of a request for a more definite statement in response to a notice of claim and screening certificate of merit preserves a party's objections to the legal sufficiency of the notice and certificate as to all matters specifically set forth in the request; all objections to the notice or certificate's legal sufficiency not specifically set forth in the request are waived.

Syl. pt. 5, *id.*

■ Dr. Westmoreland argues that Dr. Vaidya has waived any objections that he may have had to the certificate of merit, or lack thereof, because of his failure to object to a lack of a certificate of merit after receipt of the "Notice of intent to bring suit" and the attendant knowledge that Dr. Westmoreland was invoking the exception in subsection (c). Conversely, Dr. Vaidya claims no screening certificate of merit was provided to which he could object. In resolving this dispute, we find instructive the following:

In determining whether a notice of claim and certificate are legally sufficient, a reviewing court should apply *W. Va.Code,* 55–7B–6 [ (2003) (Supp.2007) ] in light of the statutory purposes of preventing the making and filing of frivolous medical malpractice claims and lawsuits; and promoting the pre-suit resolution of non-frivolous medical malpractice claims. Therefore, a principal consideration before a court reviewing a claim of insufficiency in a notice or certificate should be whether a party challenging or defending the sufficiency of a notice and certificate has demonstrated a good faith and reasonable effort to further the statutory purposes.

Syl. pt. 6, *Hinchman,* 217 W.Va. 378, 618 S.E.2d 387.

In determining whether Dr. Westmoreland demonstrated a good faith and reasonable effort to further the statutory purpose, we agree with the circuit court's determination that "this case is controlled by the 'MPLA' and [Dr. Westmoreland] must meet its requirements in filing this malpractice action, *including filing a certificate of merit and providing an expert witness to testify to the deviation of the standard of care."* [13] Significantly, we note that from the outset of this case, Dr. Westmoreland proceeded with a belief that he could litigate this case under the exception contained in subsection (c) of the filing requirements. In his filing titled "Notice of intent to bring suit," Dr. Westmoreland, *pro se,* stated that he was providing notice "in lieu of [a] Certificate of Merit due to the fact that the common person would not need to have an expert verify the breech [sic] of [the] standard of care[.]" Further, "I understand that this notification meets the criteria in W. V[a.] Code § 55–7B–6(c)[.]"

While his reliance on such subsection was in error due to the complexities of the underlying medical issues in this case, Dr. Westmoreland had no way of knowing how the trial court would rule on the matter until it eventually ruled in the dismissal order that an expert and certificate of merit were required. Dr. Vaidya had never objected to the statement in lieu of the certificate of merit until he filed his motion to dismiss. The case then progressed to a hearing on the motion to dismiss. The first point in time when a court set forth that Dr. Westmoreland would not be permitted to rely on subsection (c) in lieu of a certificate of merit was the same point in time that the case was dismissed for failure to comply with such requirement. Thus, Dr. Westmoreland was never afforded an opportunity to correct the error.

---

13. We fully concur with the trial court's decision that this case requires expert testimony, and by implication, a certificate of merit, based on the complex urological issues involved in this case. *See* Syl. pt. 3, *Daniel v. Charleston Area Med. Ctr., Inc.,* 209 W.Va. 203, 544 S.E.2d 905 (2001) (" 'A trial court is vested with discretion under W.

Va.Code § 55–7B–7 [ (2003) (Supp.2007) ] to require expert testimony in medical professional liability cases, and absent an abuse of that discretion, a trial court's decision will not be disturbed on appeal.' Syl. Pt. 8, *McGraw v. St. Joseph's Hosp.,* 200 W.Va. 114, 488 S.E.2d 389 (1997).").

This Court has previously recognized that "dismissal based on procedural grounds is a severe sanction which runs counter to the general objective of disposing cases on the merit." *Dimon v. Mansy,* 198 W.Va. 40, 45–46, 479 S.E.2d 339, 344–45 (1996). Further, "[a]lthough courts should not set aside default judgments or dismissals without good cause, it is the policy of the law to favor the trial of all cases on their merits." Syl. pt. 2, *McDaniel v. Romano,* 155 W.Va. 875, 190 S.E.2d 8 (1972). Thus, based on Dr. Westmoreland's reliance on an exception to the certificate of merit requirement and based on the fact that he was not afforded an opportunity to correct the error after the trial court ruled adversely, dismissal of the case was too draconian of a result. When the trial court granted the dismissal order, Dr. Westmoreland obtained counsel and filed a motion under Rule 60(b) for reconsideration, arguing his reliance on the exception contained in subsection (c), as well as a request that he be afforded a second opportunity to obtain a certificate of merit in light of the trial court's ruling that one would be required. From the specific facts of this case, it is clear that Dr. Westmoreland made a good faith and reasonable effort to further the statutory purposes of the MPLA. He should have been afforded a reasonable amount of time to fulfill the pre-suit certificate of merit requirement prior to dismissal.

In similar cases before this Court, a time period of thirty days has been found to be reasonable. *See* Syl. pt. 4, *Hinchman,* 217 W.Va. 378, 618 S.E.2d 387 (2005) ("Under *W. Va.Code,* 55–7B–6 [ (2003) (Supp.2007) ], when a healthcare provider receives a pre-suit notice of claim and screening certificate of merit that the healthcare provider believes to be legally defective or insufficient, the healthcare provider may reply within thirty days of the receipt of the notice and certificate with a written request to the claimant for a more definite statement of the notice of claim and screening certificate of merit. The request for a more definite statement must identify with particularity each alleged insufficiency or defect in the notice and certificate

and all specific details requested by the defendant. *A claimant must be given a reasonable period of time, not to exceed thirty days, to reply to a healthcare provider's request for a more definite statement, and all applicable periods of limitation shall be extended to include such periods of time.*" (emphasis added)); Syl. pt. 6, *State ex rel. Weirton Med. Ctr. v. Mazzone,* 214 W.Va. 146, 587 S.E.2d 122 (2002) (" 'Upon a trial court's determination that an expert witness is required to prove standard of care or proximate cause in an action brought under the West Virginia Medical Professional Liability Act, West Virginia Code §§ 55–7B–1 to –11 (1986) (Repl. Vol. 2000), a reasonable period of time must be provided for retention of an expert witness.' Syllabus Point 4, *Daniel v. Charleston Area Medical Center, Inc.,* 209 W.Va. 203, 544 S.E.2d 905 (2001)."). Thus, at the time that the trial court determined that subsection (c) of W. Va.Code § 55–7B–6 did not apply and that a certificate of merit was needed, Dr. Westmoreland should have been allowed time to secure a certificate of merit executed by an expert.[14] The circuit court's dismissal of the case without affording time to secure a certificate of merit was in error.

## IV.

### CONCLUSION

The circuit court was correct in determining that Dr. Westmoreland's case is controlled by the provisions of the MPLA. However, due to Dr. Westmoreland's good faith and reasonable reliance on the exception to the certificate of merit requirement, namely, W. Va.Code § 55–7B–6(c), Dr. Westmoreland should have been afforded a reasonable time to secure a certificate of merit after the trial court ruled that an expert is required and that a certificate of merit is mandated. Thus, this case is affirmed insofar as the trial court found that the MPLA is applicable. However, the trial court's dismissal of the suit for failure to comply with the pre-suit certificate of merit requirement is reversed. The case is remanded for further consider-

14. We caution litigants, however, that it is the unique case that will qualify for good faith reliance on W. Va.Code § 55–7B–6(c). An igno-

rance of the mandates or a failure to comply, without more, will not suffice to provide litigants a second chance to provide a certificate of merit.

ation consistent with this opinion, and to afford Dr. Westmoreland a reasonable time of thirty days to secure a certificate of merit.

Affirmed, in part; Reversed, in part; and Remanded.

Justice STARCHER concurs and reserves the right to file a separate opinion.

STARCHER, J., concurring.

(Filed July 17, 2008)

I concur with majority's decision, but I write separately to point out that the underlying facts of this case demonstrate, once again, the absurd results likely to be reached by application of the Medical Professional Liability Act ("the MPLA").

The plaintiff in this case, Dr. Danny Westmoreland, is a certified family practitioner with staff privileges at two hospitals. On June 13, 2003, Dr. Westmoreland went to the emergency room of Pleasant Valley Hospital, and the defendant, Dr. Shrikant K. Vaidya, was assigned to remove a kidney stone and implant a temporary stent in Dr. Westmoreland's ureter to relieve an obstruction in the left kidney. The procedure was conducted in a hospital operating room while Dr. Westmoreland was sedated under anesthesia.

The removal of a stent requires that a cystoscopy be performed, a procedure involving passing a small, pencil-thick scope into the patient's urethra that generally takes less than a minute. The plaintiff alleges that, for health insurance billing purposes, Dr. Vaidya preferred to do this second procedure in his office *without* general anesthesia. Apparently, Dr. Vaidya could not bill for the second procedure to remove the stent if it was done in the hospital operating room within 30 days of the first procedure to implant the stent.

On June 16, 2003, Dr. Westmoreland went to Dr. Vaidya's office to have the stent removed. Dr. Westmoreland contends that he was familiar with the details of the cystoscopy procedure—he had performed some 40 or 50 cystoscopies himself—and that he objected to having the procedure done without anesthesia. At Dr. Vaidya's instruction, a nurse attempted to start intravenous anesthesia but was unsuccessful; Dr. Vaidya then

tried briefly and was similarly unsuccessful. Dr. Westmoreland asserts that Dr. Vaidya then reassured him that the removal of the stent would be a painless procedure, would be over in a matter of seconds, and said that Dr. Westmoreland should "quit being a baby."

Dr. Westmoreland laid on his back on a table for the procedure. Within seconds of beginning the procedure, Dr. Westmoreland alleges that Dr. Vaidya caused him substantial pain. Dr. Westmoreland further alleges that he objected to Dr. Vaidya continuing the procedure, and says he verbally withdrew his consent to the procedure by demanding Dr. Vaidya stop. When Dr. Westmoreland attempted to get up off of the table, Dr. Vaidya is alleged to have instructed an assistant to lay on Dr. Westmoreland's chest for the next 15 to 20 minutes while Dr. Vaidya completed the procedure.

As a result of the procedure, Dr. Westmoreland suffers from Peyronie's disease, which is characterized by the formation of hardened tissue (fibrosis) in the penis that causes pain, curvature and distortion, usually during erection. This disease causes sexual intercourse to be very painful and/or impossible. Further, Dr. Westmoreland contends that he lost about 80 pounds and nearly died from renal failure as a result of Dr. Vaidya's actions. Because of Dr. Vaidya's alleged malpractice and/or battery, Dr. Westmoreland claims that he can now only urinate about once every three days.

Assuming these facts, as alleged by Dr. Westmoreland, are true, what is the point of applying the MPLA in this case?

First, the majority opinion concludes that Dr. Westmoreland should have filed a "presuit notice of claim" under the MPLA, and remands the case to allow Dr. Westmoreland to do so. My question is, other than racking up additional fees for the defendant's lawyers and additional costs for the plaintiff's lawyers, what is the point? This lawsuit was filed in May 2005, some three years ago. Isn't it reasonable to conclude that Dr. Vaidya is on notice by now that Dr. Westmoreland intends to sue him? Remanding this case to require Dr. Westmoreland to serve a

"pre-suit" notice of claim upon Dr. Vaidya is to make procedure more important than the underlying substance.

Second, the majority opinion concludes that Dr. Westmoreland should have filed a screening certificate of merit, and remands the case to allow Dr. Westmoreland to do so. I am troubled by the imposition of this procedural "speed bump" in this case for three reasons. First, the record suggests that Dr. Westmoreland was familiar with the cystoscopy procedure used by Dr. Vaidya, yet the majority opinion finds that he is required by the MPLA to hire an outside, "independent" doctor to write out an opinion saying his lawsuit is meritorious. Second, Dr. Westmoreland asserts that two urologists were willing to consider signing a certificate of merit—but only in exchange for a fee of $40,000.00.[1] If true, then requiring Dr. Westmoreland to comply with the MPLA is, essentially, to impose upon him a filing fee substantially different from that in every other type of lawsuit. And third, the alleged facts in this case suggest a brutal assault and battery occurred; an expert's nuanced opinion would seem to be unnecessary under such circumstances.

It is my assessment that the MPLA is a procedural monster that is wholly contrary to the common law. As such, it is entitled to little deference and must be strictly and narrowly construed to do as little harm to the common law as possible. Pre-suit notices and screening certificates of merit have some meritorious public policy goals, but these procedural humps should not be interpreted to restrict, delay, or deny citizens' access to the courts.

I therefore concur.

---

1. There is nothing in the record, aside from Dr. Westmoreland's assertions, that specifically supports this contention. However, if a record were developed showing that the MPLA imposed a prohibitively high cost upon lawyers and litigants that impaired the fair administration of justice, a substantive case could better be made that the pre-suit certificate of merit provisions of the MPLA violate constitutional due process, equal protection and open court protections. *See Blankenship v. Ethicon, Inc.*, 221 W.Va. 700, 704 n. 2, 656 S.E.2d 451, 454 n. 2 (2007) and cases cited therein.