# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Percy Lee Clay and Diane Clay,**
**Plaintiffs Below, Petitioners**

**vs)  No. 18-0983** (Monongalia County 18-C-166)

**J.W. Ruby Memorial Hospital,**
**West Virginia University Board of Governors**
**and Antonio Sortino, M.D.,**
**Defendants Below, Respondents**

**FILED**

**February 3, 2020**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioners Percy Lee Clay and Diane Clay, by counsel Ira A. Richardson, appeal the Circuit Court of Monongalia County's September 21, 2018, orders dismissing their claims against all respondents. Respondent J.W. Ruby Memorial Hospital, by counsel Christine S. Vaglienti, Carlie M. Lacy, and Mark A. Moses, submitted a response.[1] In addition, Respondents West Virginia Board University of Governors and Antonio Sortino, M.D., by counsel Timothy R. Linkous and Margaret L. Miner, submitted a response.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

In March of 2016, Petitioner Percy Lee Clay was scheduled to undergo a four-vessel coronary artery bypass surgery at J.W. Ruby Memorial Hospital ("WVUH"). According to the circuit court's order, Mr. Clay suffered injuries to his penis when a nurse attempted to insert a catheter in preparation for the surgery. Petitioners alleged that the nurse negligently placed the catheter and was inadequately supervised while doing so. They also asserted that Dr. Sortino, who performed the bypass surgery, requested that the catheter be inserted. Further, they alleged that Mr. Clay's IV treatment created a significant risk of infection and that respondents' negligence increased the duration of his hospitalization.

On February 14, 2018, without the assistance of counsel, petitioners mailed a notice of claim to Respondent WVUH, though they did not provide a screening certificate of merit or a

---

[1] According to West Virginia University Hospital, Inc.'s motion to dismiss filed before the circuit court, it was incorrectly identified as J.W. Ruby Memorial Hospital in petitioner's complaint.

1

statement of intent to provide the same within sixty days. On February 22, 2018, WVUH informed petitioners that the notice of claim alone was not a proper pre-suit notice pursuant to the West Virginia Medical Professional Liability Act ("MPLA"). It further informed petitioners that

> [t]he standard of care applicable to a nurse or other health care provider inserting a urinary catheter is not within the common knowledge of a lay person; therefore, any alleged breach of the standard of care must be established by expert testimony. The notice of claim you have filed must be supplemented by a screening Certificate of Merit within the times [sic] frames set forth in West Virginia Code § 55-7B-6 *before* a lawsuit may be filed.

On March 5, 2018, petitioners mailed a notice of claim to the West Virginia University Board of Governors ("WVUBOG"), again failing to provide a screening certificate of merit or a statement of intent to provide such certificate within sixty days. The WVUBOG and Dr. Sortino did not respond to the notice. On April 6, 2018, petitioners, pro se, filed their complaint, asserting claims for medical negligence and general negligence. The WVUBOG and Dr. Sortino filed their motion to dismiss on April 23, 2018, and petitioners submitted a pro se response on April 26, 2018. Petitioners retained counsel on May 7, 2018. The circuit court heard oral argument on June 25, 2018, and entered its order granting the WVUBOG's and Dr. Sortino's motion to dismiss on September 21, 2018. WVUH filed its motion to dismiss on June 21, 2018, and petitioners submitted a response to that motion. The circuit court granted that motion in a separate order entered on September 21, 2018.

In the circuit court's orders granting the motions to dismiss, it found that the MPLA requires that plaintiffs properly serve defendants with pre-suit notice of their claims pursuant to West Virginia Code § 55-7B-6(b). It also noted that the MPLA provides an exception to the general rule, allowing plaintiffs or their counsel to serve notice without a certificate of merit when they believe that the cause of action does not require expert testimony. Further, if a plaintiff or his/her counsel has insufficient time to obtain a screening certificate of merit prior to the expiration of the applicable statute of limitations, the claimant or the attorney shall furnish the healthcare provider with a statement of intent to provide the screening certificate of merit within sixty days of receipt of the notice of claim. The circuit court found that before a suit may be dismissed due to the lack of the screening certificate of merit, the plaintiff must be given written and specific notice of, and an opportunity to address and correct, the alleged defects and insufficiencies. *See* Syl. Pt. 3, *Hinchman v. Gillette*, 217 W. Va. 378, 618 S.E.2d 387 (2005). It stated that petitioners alleged in their complaint that respondents had a duty to care for Mr. Clay and see that his medical needs were met but failed to do so. They also alleged that he was exposed to germs for an extended period of time, causing a serious infection, in addition to claims for pain and suffering, mental anguish, and emotional distress. The circuit court determined that petitioners' allegations require expert testimony because they involve complex standards of care and/or causation opinions regarding the need for, and procedure for, insertion of a urinary catheter. With regard to the WVUBOG, the circuit court found that while it did not provide a response to the notice, petitioners had received a response and specific objections from WVUH and were aware of the need for a screening certificate of merit. The circuit court went on to conclude that petitioners had ample opportunity to correct their deficient pre-suit notice but failed to do so. Petitioners' complaint as to the WVUBOG and Dr. Sortino was dismissed without prejudice.

2

In its order granting WVUH's motion to dismiss, the circuit court also set forth the applicable statute of limitations for MPLA claims, which is two years. As noted by the circuit court, West Virginia Code § 55-7B-6(h) (2003) tolls the statute of limitations

> from the date of mail of a notice of claim to thirty days following receipt of a response to the notice of claim, thirty days from the date a response to the notice of claim would be due, or thirty days from the receipt by the claimant of written notice from the mediator that the mediation has not resulted in a settlement of the alleged claim and that mediation is concluded, whichever last occurs.

The circuit court concluded that petitioners' claims against WVUH were barred by the statute of limitations. The circuit court wrote:

> Normally, the statute of limitations would have expired on March 21, 2018. However, the statute of limitations was tolled from the date of [petitioners'] Notice of Claim until thirty days after the receipt of WVUH's response to the Notice of Claim. WVUH mailed its response to [petitioners] on February 22, 2018. It can be assumed that the response was received by [petitioners] by February 27, 2018. The tolled statute of limitations then expired on March 28, 2018. [Petitioners] did not file this action until April 6, 2018. Therefore, [petitioners'] claims against WVUH are time barred.

Petitioners' claims against WVUH were dismissed with prejudice. Petitioners appeal from the dismissal orders.[2]

"Appellate review of a circuit court's order granting a motion to dismiss a complaint is *de novo.*" Syl. Pt. 2, *State ex rel. McGraw v. Scott Runyan Pontiac-Buick, Inc.,* 194 W. Va. 770, 461 S.E.2d 516 (1995). Dismissal of an action filed pursuant to the MPLA is proper when the plaintiff fails to comply with the MPLA's pre-suit screening requirements. *See Davis v. Mound View Health Care, Inc.,* 220 W. Va. 28, 32, 640 S.E.2d 91, 95 (2006) (noting that the mandatory term "shall" is used in West Virginia Code § 55-7B-6).

The circuit court's dismissal of petitioners' complaint is due, in part, to their failure to file a screening certificate of merit as required by West Virginia Code § 55-7B-6(b) (2003). The statute provided as follows:

> At least thirty days prior to the filing of a medical professional liability action against a health care provider, the claimant shall serve by certified mail, return

---

[2] Petitioners filed a motion for reconsideration before the circuit court on October 23, 2018, and their notice of appeal before this Court on October 25, 2018. WVUH objected to the motion for reconsideration on November 7, 2018. On November 30, 2018, the circuit court denied petitioners' motion for reconsideration, again finding that petitioners failed to meet the pre-suit notice requirements of the MPLA.

receipt requested, a notice of claim on each health care provider the claimant will join in litigation. The notice of claim shall include a statement of the theory or theories of liability upon which a cause of action may be based, and a list of all health care providers and health care facilities to whom notices of claim are being sent, together with a screening certificate of merit. The screening certificate of merit shall be executed under oath by a health care provider qualified as an expert under the West Virginia Rules of Evidence and shall state with particularity: (1) The expert's familiarity with the applicable standard of care in issue; (2) the expert's qualifications; (3) the expert's opinion as to how the applicable standard of care was breached; and (4) the expert's opinion as to how the breach of the applicable standard of care resulted in injury or death. A separate screening certificate of merit must be provided for each health care provider against whom a claim is asserted. The person signing the screening certificate of merit shall have no financial interest in the underlying claim, but may participate as an expert witness in any judicial proceeding. Nothing in this subsection may be construed to limit the application of rule 15 of the Rules of Civil Procedure.

Petitioners first argue that they were not required to file a screening certificate of merit because the claims pled fall under the exception set forth in West Virginia Code § 55-7B-6(c) (2003):

Notwithstanding any provision of this code, if a claimant or his or her counsel, believes that no screening certificate of merit is necessary because the cause of action is based upon a well-established legal theory of liability which does not require expert testimony supporting a breach of the applicable standard of care, the claimant or his or her counsel, shall file a statement specifically setting forth the basis of the alleged liability of the health care provider in lieu of a screening certificate of merit.

Petitioners compare their case to the per curiam case of *Westmoreland v. Vaidya*, 222 W. Va. 205, 664 S.E.2d 90 (2008), in which this Court found that because the plaintiff had no way of knowing that he would not be permitted to rely on the exception in § 55-7B-6(c) until the circuit court found that an expert and certificate of merit were required, plaintiff was not afforded an opportunity to correct the error. Petitioners herein argue that while their "reliance on the exception may have been in error, they had no way of knowing if the [c]ircuit [c]ourt would require an expert and certificate of merit until it ruled in its dismissal orders that [p]etitioners' claims required expert testimony." They further contend that the circuit court failed to provide them with notice that expert testimony would be required so they were not afforded the opportunity to correct their deficiency and obtain a screening certificate of merit. They further argue that the circuit court should have "provide[d p]etitioners with a reasonable amount of time to fulfill the pre-suit certificate of merit requirement."

As we have previously recognized,

[u]nder *W.Va. Code,* 55-7B-6 [2003] the purposes of requiring a pre-suit notice of claim and screening certificate of merit are (1) to prevent the making and

4

filing of frivolous medical malpractice claims and lawsuits; and (2) to promote the pre-suit resolution of non-frivolous medical malpractice claims. The requirement of a pre-suit notice of claim and screening certificate of merit is not intended to restrict or deny citizens' access to the courts.

Syl. Pt. 2, *Hinchman*. We agree with respondents that the circuit court correctly concluded that petitioners' claims are not based upon a well-established legal theory and do not qualify for the narrow exception to the screening certificate of merit requirement. As the WVUBOG and Dr. Sortino argue, "whether the standard of care permits a surgeon to order catheterization for a cardiac surgery is a matter requiring expert testimony and not within the province of laypeople." Those respondents also contend that laypersons do not commonly know the proper method by which nurses insert urinary catheters into a penis or the injuries and complications that can occur from urinary catheter insertion even when the insertion is performed perfectly within the standard of care. In addition, respondents assert that Mr. Clay's alleged bleeding sustained from the insertion of the catheter may be related to an underlying medical condition, rather than the insertion of the catheter, so expert testimony is required. Finally, they argue that under the MPLA,

[a] health care provider may not be held vicariously liable for the acts of a nonemployee pursuant to a theory of ostensible agency unless the alleged agent does not maintain professional liability insurance covering the medical injury which is the subject of the action in the aggregate amount of at least $1 million for each occurrence.

W. Va. Code § 55-7B-9(g) (2015), in relevant part.

In addition to echoing some of the WVUBOG's and Dr. Sortino's arguments, WVUH states that petitioners' claim against it is that one of its nurses used too much force when inserting a urinary catheter into Mr. Clay's penis in preparation for a coronary artery bypass procedure. WVUH argues that "[n]ot only would laypersons not commonly know the standard of care applicable to a nurse inserting a urinary catheter, or any potential complications from such a procedure, but they also would not commonly know whether such a procedure could cause the injuries that form the basis for [p]etitioners' claims." We agree and note that this Court has "expressly and repeatedly warned litigants to err on the side of caution in complying with the MPLA." *Cline v. Kresa-Reahl*, 229 W. Va. 203, 214, 728 S.E.2d 87, 98 (2012).

All parties address *Westmoreland*, wherein this Court considered a plaintiff's failure to file a screening certificate of merit, instead writing on his notice that "[a]ll urologists refused to sign the certificate of merit for social reasons making it impossible to use legal counsel[.]" *Id.* at 208, 664 S.E.2d at 93. That notice also invoked the exception to the MPLA requirement to file a screening certificate of merit. *Id.* Upon a motion to dismiss, the circuit court dismissed the complaint due to the plaintiff's failure to comply with the requirements of the MPLA; that court also denied the plaintiff's motion for reconsideration, finding that the plaintiff failed to show good faith and a reasonable basis for his noncompliance. *Id.* On appeal, the plaintiff alleged that the doctor had waived any objections that he may have had to the certificate of merit, or lack thereof, due to his failure to object to the lack of the certificate of merit following the receipt of the notice of intent to bring suit, which included the plaintiff's statement that he was invoking the exception.

5

*Id.* at 211, 664 S.E.2d at 96. This Court then found that "[f]rom the specific facts of this case, it is clear that [the plaintiff] made a good faith and reasonable effort to further the statutory purposes of the MPLA. He should have been afforded a reasonable amount of time to fulfill the pre-suit certificate of merit requirement prior to dismissal." *Id.* at 212, 664 S.E.2d at 97.

There are key factual differences that necessitate a different result in the instant matter. While the plaintiff in the *Westmoreland* case was first notified of issues regarding the lack of the certificate of merit through a motion to dismiss, petitioners in this case were put on notice of the challenge to the lack of a certificate of merit prior to filing their complaint. However, they took no action to rectify the situation, instead continuing to argue that their claims fell within the MPLA's exception to that requirement. For these reasons, we find that the circuit court did not err in granting respondents' motions to dismiss on these grounds.[3]

Further, petitioners assert that the circuit court erred in granting the WVUBOG's and Dr. Sortino's motion to dismiss despite their waiver of "objections to the notice of claim not specifically set forth in the request." Petitioners argue that because they received a response and specific objections from WVUH but none from the WVUBOG or Dr. Sortino, the circuit court erred by finding that petitioners were also aware of the need to provide a screening certificate of merit to the WVUBOG and Dr. Sortino. They also contend that the circuit court erroneously found that petitioners had ample time to correct their deficient pre-suit compliance but failed to do so. Without citing any support for the proposition, petitioners contend that the MPLA specifically requires a plaintiff to serve a notice of claim on each healthcare provider the claimant will join in litigation so each provider or party challenging the sufficiency of a notice is also required to make a written request to the claimant for a more definite statement.

As set forth above, petitioners fail to cite any case or statute that supports their contention that each health care provider was required to file a separate objection to the lack of the screening certificate of merit. In addition, the notice did not inform respondents that petitioners were proceeding pursuant to the exception to the certificate of merit requirement. While syllabus point 5 of *Hinchman* provides, in relevant part, that "all objections to the notice or certificate's legal sufficiency not specifically set forth in the request are waived[,]" that finding assumes that there is a certificate of merit to which a party may respond. Petitioners, however, failed to provide the required certificate of merit.[4]

---

[3] Petitioners also argue that the circuit court erred in dismissing their case based on procedural law. Their two-paragraph argument on this point cites cases that stand for the proposition that dismissal based on procedural grounds is not favored by this Court. However, our analysis of petitioners' first assignment of error demonstrates that the circuit court did not err in granting respondents' motions to dismiss due to petitioners' failure to comply with the requirements of the MPLA.

[4] "The pre-suit notice requirements contained in the West Virginia Medical Professional Liability Act are jurisdictional, and failure to provide such notice deprives a circuit court of subject matter jurisdiction." *State ex rel. Primecare Medical of West Virginia, Inc. v. Faircloth*, No. 18-1071, 2019 WL 6108577, *1 (W. Va. Nov. 12, 2019) (memorandum decision).

West Virginia Code § 55-7B-6(a) mandates that "no person may file a medical professional liability action against any health care provider without complying with the provisions of this section." That statute further provides that

> [a]ny health care provider who receives a notice of claim pursuant to the provisions of this section may respond, in writing, to the claimant or his or her counsel within thirty days of receipt of the claim or within thirty days of receipt of the screening certificate of merit if the claimant is proceeding pursuant to the provisions of subsection (d) of this section. . . .

W. Va. Code § 55-7B-6(e). The WVUBOG received the notice on March 8, 2018, and petitioners filed their complaint with the circuit court on April 6, 2018, less than thirty days after the WVUBOG received notice. Therefore, the WVUBOG and Dr. Sortino were not provided thirty days to respond, as required by the statute, before petitioners filed their complaint. In conjunction with the fact that petitioners fail to cite any legal support for their contention that each defendant in an action under the MPLA must separately notify plaintiffs of the need to submit a screening certificate of merit, we find that the circuit court did not err in granting the WVUBOG's and Dr. Sortino's motion to dismiss on this ground.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** February 3, 2020

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Evan H. Jenkins
Justice John A. Hutchison

**DISQUALIFIED:**

Justice Elizabeth D. Walker

7